UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN LEE ESTES,<br><br>Plaintiff,<br><br>vs.<br><br>HEARINGS OFFICER SCANTLIN, LT. H.C. PENROSE, SGT. S KULM, CAPT. R. THOMPSON, CAPT. S. MURPHY, C/O NICHOLAS A. LEAVITT and ASSOCIATE SUPERINTENDENT DAVID BAILEY<br><br>Defendants. | NO: CV-12-5058-JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING HABEAS PETITION AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY |

BEFORE THE COURT is Plaintiff's Objection, ECF No. 30, to the Report and Recommendation to strike a habeas petition filed in this action and to deny his request for a Certificate of Appealability. Plaintiff objects to the wording of the Report and Recommendation, complaining he is unable to "serve" Defendants with a copy of his objections because the Court did not order that this action to be served on Defendants. Next, Plaintiff objects that he has complied with the Order

ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING HABEAS PETITION AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY-- 1

to amend or voluntarily dismiss his complaint.  By separate Order, Magistrate Judge Hutton has found the amended complaint deficient and has directed Plaintiff to file a Second Amended Complaint. ECF No. 29.

In addition, Plaintiff objects to the Magistrate Judge's allegedly mistaken assumption that his habeas petition is attacking his underlying sentence when he is complaining that the DOC is not releasing him in accordance with his sentence. Plaintiff asserts the failure to release him is in retaliation for his grievance activities, for a personal injury claim and for his civil rights complaints.

Regardless whether Mr. Estes is challenging his underlying conviction or allegedly retaliatory decisions which have extended his period of confinement, such claims must first be exhausted through an appropriate state court action (i.e., a Personal Restraint Petition filed in the appropriate state appellate court).  Only then may Plaintiff pursue a federal habeas action regarding the constitutionality of his continued confinement.

If Plaintiff wishes to pursue a petition for writ of habeas corpus, he must do so in a **separate** action, after he has exhausted his available state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973).  Apart from his conclusory assertions of exhaustion, Mr. Estes has made no showing that he filed a Personal Restraint Petition in the appropriate state appellate court challenging his continued confinement, and that the Washington State Supreme Court has issued a final

ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING HABEAS PETITION AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY-- 2

ruling on his claim that the duration of his confinement has been extended in retaliation for his litigation activities.

In any event, a plaintiff may not pursue both a civil rights complaint and a habeas petition in the same action. Again, habeas actions have different filing fee requirements and monetary damages are not an available remedy for one pursuing a writ of habeas corpus. *See Brown v. Vasquez*, 952 F.2d 1164, 1169 (9th Cir.1991) (although civil in nature, habeas corpus is "dramatically different from any other type of civil action").

Furthermore, contrary to Plaintiff's assertions, he was not directed to "amend to a writ of habeas corpus" in cause number CV-11-5158-CI. Rather, the Court stated, "When a prisoner challenges the fact or duration of his confinement, his exclusive remedy is a writ of habeas corpus, with its state exhaustion requirement. *See Preiser v. Rodriguez,* 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey,* 512 U.S. 477, 481 (1994)." The Court's recitation of the law was clearly not a directive to file a habeas petition **in** another civil rights action.

The Court also did not instruct Mr. Estes to obtain any addresses for the purpose of effecting service in cause number CV-11-5158-CI. Because of the deficiencies of Mr. Estes' complaint in cause number CV-11-5158-CI, and his decision to voluntarily dismiss that action, the Court did not direct service or invite Mr. Estes to provide addresses for that purpose.

ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING
HABEAS PETITION AND DENYING REQUEST FOR CERTIFICATE OF
APPEALABILITY-- 3

1  After reviewing the record and for the reasons set forth by the Magistrate

2  Judge, **IT IS ORDERED** the Report and Recommendation, ECF No. 21, is

3  **ADOPTED in its entirety.** The habeas petition filed on June 11, 2012, ECF No.

4  14, is **STRICKEN** and the Request for Certificate of Appealability, ECF No. 19,

5  is **DENIED as moot**.

6  **IT IS SO ORDERED**. The District Court Executive is directed to enter this

7  Order and forward a copy to Plaintiff.

8  **DATED** this 6th day of July 2012.

           *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
           Chief United States District Court Judge

ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING HABEAS PETITION AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY-- 4